**IN THE UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF VIRGINIA**
**ROANOKE DIVISION**

| | | |
|---|---|---|
| **IN RE:** | ) | **CHAPTER 13** |
| | ) | |
| **MOUSTAFA MOHAMED SOLIMAN,** | ) | **CASE NO. 13-70205** |
| | ) | |
| **Debtor.** | ) | |

## MEMORANDUM DECISION

The Debtor filed this case on February 8, 2013, as a pro se litigant. On the same day counsel for StellarOne Bank filed a Request for Order Confirming that no Stay is in Effect. The Court will grant StellarOne Bank's motion and enter an Order to that effect.

### FINDINGS OF FACT

StellarOne alleges in its motion that the Debtor filed a case under Chapter 13[1] on February 9, 2011, and it was dismissed on June 12, 2012.[2] StellarOne also alleges that the Debtor filed another case under Chapter 13[3] on August 22, 2012, which was dismissed on December 6, 2012. As a result of these two filings StellarOne urges the Court to enter an Order confirming that no stay is in effect pursuant to 11 U.S.C. § 362(c)(4)(A).

### CONCLUSIONS OF LAW

This Court has jurisdiction of this matter by virtue of the provisions of 28 U.S.C. §§ 1334(a) and 157(a) and the delegation made to this Court by Order from the District Court on July 24, 1984 and Rule 3 of the Local Rules of the United States District Court for the Western

---

[1] Case Number 11-70246.

[2] A review of the docket indicates the case was initially dismissed on June 15, 2011, but was reinstated subsequent to dismissal on July 13, 2011. The case was ultimately dismissed on June 12, 2012.

[3] Case Number 12-71548.

District of Virginia. The Court further concludes that the determination of this motion is a "core" bankruptcy proceeding within the meaning of 28 U.S.C. § 157(b)(2) because by both logic and unavoidable inference the authority under subsection 157(b)(2)(G) "to terminate, annul, or modify the automatic stay" as a "core" proceeding is bound to include the authority to determine that such stay is not in effect. Furthermore, "[c]ore proceedings include, but are not limited to" the specific examples enumerated in the following subsections of § 157(b)(2).

The applicable Bankruptcy Code section 362(c)(4)(A) states:

(i) if a single or joint case is filed by or against a debtor who is an individual under this title, and if 2 or more single or joint cases of the debtor were pending within the previous year but were dismissed, other than a case refiled under a chapter other than chapter 7 after dismissal under section 707(b), the stay under subsection (a) shall not go into effect upon the filing of the later case; and
(ii) on request of a party in interest, the court shall promptly enter an order confirming that no stay is in effect.

The relevant facts can be determined without an evidentiary hearing based on a review of the Court's own docket. The Debtor on February 9, 2011 initiated a Chapter 13 case which was pending before the Court until its dismissal on June 12, 2012. The case was dismissed for failure to make plan payments.[4] Subsequently the Debtor filed another Chapter 13 case on August 22, 2012, which continued until it was dismissed on December 6, 2012. This case was also dismissed, in part, for failure to make plan payments. Accordingly, two cases were pending in the one year period preceding the filing of the current petition on February 8, 2013

---

[4] This was determined based on the Debtor's own motion to extend the automatic stay in the case he filed on August 22, 2012.

DECISION

The instant case was filed on February 8, 2013, and the applicable look-back period extends for one year. During this period the Debtor had two cases pending that were dismissed under sections other than 11 U.S.C. § 707(b). StellarOne Bank is a party in interest and it has brought a motion requesting entry of an order that no stay is in effect. By virtue of § 362(c)(4)(A) quoted above, such is the case and the motion is well founded. No evidentiary hearing is needed to establish the existence of the material facts. Accordingly, the Court will grant the motion on the basis of the established record.

An Order in accordance with this Memorandum Decision will be entered contemporaneously herewith.

DECIDED this 13th day of February, 2013.

*William F. Stone, Jr.*

UNITED STATES BANKRUPTCY JUDGE